UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAMONE LAUDERDALE-EL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00053-JPH-DLP |
| ) | |
| BRIAN SMITH Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND**

For the reasons below, Mr. Lauderdale-El's motion to extend the time to appeal is **DENIED**. Dkt. [38].

On September 25, 2020, this Court entered Final Judgment denying Lamone Lauderdale-El's petition for habeas corpus. Dkt. 37. On November 16, 2020, Mr. Lauderdale-El filed a Motion to Clarify. Dkt. 38. The Seventh Circuit treated that motion as a motion to extend the time to appeal and remanded the case for the limited purpose of ruling on the request to extend the time to appeal. Dkt. 48. Respondent filed an objection to Mr. Lauderdale-El's request to extend the time to appeal, dkt. 50; Mr. Lauderdale-El did not file a reply, despite having been expressly given the opportunity to do so, dkt. 51

A notice of appeal in a civil case must be filed in the district court within 30 days of the entry of the judgment or order appealed. Fed. R. App. P. 4(a). Here, the Court entered judgment on September 25, 2020, dkt. 37, and Mr. Lauderdale-El filed his notice of appeal on December 30, 2020, dkt. 41, over two months late.

1

A district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); *see also* 28 U.S.C. § 2107(c). It's undisputed that Mr. Lauderdale-El filed his motion to extend the time to appeal within 30 days after the time to file an appeal expired, so the only question is whether he has shown "excusable neglect or good cause" for the delay. Mr. Lauderdale-El argues that he did in fact timely submit a notice of appeal to inter-facility mail. He further argues that Putnamville Correctional Facility was in quarantine, so he was unable to access the law library or its resources. Dkt. 38 at 1–2. Respondent argues that the Court should deny Mr. Lauderdale-El's motion because he has not provided supporting evidence. Dkt. 50 at 5–6.

"[T]he excusable neglect standard applies in situations in which there is fault" and "the good cause standard applies in situations in which there is no fault." *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (citations and quotations omitted)). "The excusable neglect standard is equitable," and considers "relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014) (citing *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012)).

The first and second factors "do little analytical work in this context and thus are rarely dispositive." *Id.*

Here, Mr. Lauderdale-El claims in an unsworn statement that he "submitted his Notice of Appeal to the facility's designated personnel for E-File on October 1, 2020, through inter-facility mail." Dkt. 38 at 2, ¶ 4. Respondent has produced evidence contradicting Mr. Lauderdale-El's claim. The sworn affidavit of Chris Williams, who along with his coworkers was responsible for e-filings between May 14 and October 31, 2020, states, "[w]hen offenders wish to have a document e-filed, they provide it to their caseworker or place it in the mailbox in their dorm." Dkt. 50-2 at 2. Then, either Mr. Williams or someone else from the law library will pick up the mail from the mailroom twice a day, "review it, separate it, and process it the same day or the next day." *Id.*

Respondent also provided Plaintiff's E-File by DOC Submission Report, which is "a complete and accurate copy of the documents that the law library has e-filed for [Plaintiff]." *Id.* This document shows numerous filings scanned and filed on behalf of Mr. Lauderdale-El during the relevant timeframe, including a filing on October 20, 2020, in Case No. 1:16cv2684, S.D. Ind.; filings on November 5, 2020, and December 30, 2020, in this case; and a filing on January 19, 2021, in Case No. 1:17cv2168, S.D. Ind. Dkt. 50-2, at 1-2. There is "no record of Mr. Lauderdale-El submitting anything for e-filing regarding [this case] on or around October 1, 2020." Dkt. 50-1 at 2; *see also* dkt. 50-2.

3

Mr. Lauderdale-El has not responded and thus failed to rebut Respondent's evidence showing that he did not "submit[] his Notice of Appeal to the facility's designated personnel for E-File on October 1, 2020, through inter-facility mail", dkt. 38 at 2, ¶ 4, as he claims.[1] Mr. Lauderdale-El has not shown good cause for an extension. *See Sherman*, 668 F.3d at 425 (7th Cir. 2012).

Mr. Lauderdale-El has also not shown a reason for the delay or that he acted in good faith. *See Satkar Hospitality*, 767 F.3d at 706. Mr. Lauderdale-El does not claim he did not know that the final judgment was entered on September 25, 2020, or that the notice of appeal must be filed within 30 days from that date. Instead, he claims that his efforts to timely file his notice of appeal were thwarted by restrictions to the law library imposed because of COVID-19. But this explanation is undermined by his contradictory claim that he filed his notice of appeal more than a month before he filed the motion to extend the time to appeal. Dkt. 38. The inconsistency of these explanations does not weigh in Mr. Lauderdale-El's favor. Moreover, Mr. Lauderdale-El offers no explanation as to how the restrictive COVID-19 measures impacting the law library's operations would have prevented him from providing a notice of appeal to his caseworker or placing it in the mailbox in his dorm. Dkt. 50-2 at 2.

---

[1] This Court ordered Mr. Lauderdale-El to respond to Respondent's objection by April 5, 2021, dkt. 51, however that order was returned as undeliverable because Mr. Lauderdale-El is no longer at Putnamville Correctional Facility, dkt. 52. Mr. Lauderdale-El has previously been instructed to update his address with the Court and has failed to do so. *See* dkts. 1, 29, 32.

Because Mr. Lauderdale-El has not demonstrated excusable neglect or good cause, his motion is **DENIED**.  Dkt. [38].

**SO ORDERED.**

Date: 4/16/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

LAMONE LAUDERDALE-EL
132421
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov